UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE NICOLE WEST-HARVEY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA et al.,<br><br>    Defendants. | Case No. 5:25-cv-03202-SB-KS<br><br><br>ORDER DISMISSING COMPLAINT |

Plaintiff Michele Nicole West-Harvey, a self-represented litigant seeking to proceed in forma pauperis, filed this action alleging civil-rights violations arising from state child-support and custody proceedings.  The Court previously dismissed her complaint for failing to state a claim for relief and granted leave to amend.  Dkt. No. 6.  Plaintiff timely filed a first amended complaint (FAC) reasserting claims under 42 U.S.C. §§ 1981 and 1983 and the Americans with Disabilities Act (ADA), as well as alleged property, privacy, and due process violations.  The Court screens the FAC, as required, to determine if it is "frivolous" or "fails to state a claim" for relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying Rule 12(b)(6) standard to § 1915(e)).  Because the FAC fails to cure the legal deficiencies identified in the prior order and presents claims barred by law, the Court dismisses the action.

I.

This case arises from a child custody and support dispute initiated by Anthony Lax against Plaintiff in Riverside County Superior Court in August 2021.  Dkt. No. 1 at 178 of 239.  After initial proceedings, Judge Sean P. Lafferty awarded joint legal and physical custody, with Lax's home designated as the primary residence for school purposes and ordered Plaintiff to pay monthly child support while granting her periodic visitation.  *Id.* at 163–170 of 239.  In 2023, Plaintiff filed motions challenging the court's jurisdiction, seeking property

1

division, and requesting custody modifications, which Judge Lafferty denied. *Id.* at 202–235 of 239.

Following an October 2023 filing by Plaintiff that raised questions about her mental health, Judge Lafferty ordered a child welfare investigation pursuant to Family Code § 3027. *Id.* at 137–38 of 239; Cal. Fam. Code § 3027(b) (authorizing a court to request an investigation into allegations of child abuse). Although the resulting investigation found allegations of general neglect to be unfounded, it documented Plaintiff's mental health history. Dkt. No. 1 at 70–86 of 239. This prompted Judge Lafferty to restrict her to supervised visitation and mandate a psychological evaluation under Evidence Code § 730 to ensure the children's safety. *Id.* at 155 of 239. Throughout the state proceedings, Plaintiff challenged the state court's authority, raising "sovereign citizen" arguments and seeking removal to federal court. *See, e.g.*, *id.* at 140–41 of 239.

II.

After filing this federal lawsuit, the Court dismissed the original complaint with leave to amend. The factual allegations in the FAC remain largely the same as in her original complaint. The FAC brings claims against defendants Judge Lafferty, the Riverside County Department of Child Support Services (DCSS), DCSS Director Nicole Windom-Hurd, and the County of Riverside, alleging that they unconstitutionally garnished her wages, disseminated confidential medical information, and adjudicated custody proceedings without due process. Plaintiff also challenges her designation as a vexatious litigant, though she does not specify where or when this designation was made. Dkt. No. 8 at 33 of 54. The FAC names new individual defendants—employees of Riverside County DCSS— Tiffany Floyd, Manu Montry, Stephanie Louie, and Monica Salinas, alleging they issued unlawful income withholding orders during child-support enforcement actions.

The FAC asserts causes of action for: (1) violation of the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1982); (2) deprivation of rights under color of law (42 U.S.C. § 1983); (3) procedural and substantive due process violations under the Fourteenth Amendment; (4) unconstitutional judicial bias; (5) unconstitutional seizure of wages and disability benefits; (6) disability discrimination under Title II of the Americans with Disabilities Act (ADA); (7) constitutional privacy violations; (8) negligence and gross negligence; (9) injunctive relief; and (10) declaratory judgment. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

2

III.

Despite Plaintiff's attempt to amend her allegations, the claims in the FAC remain barred by the same legal doctrines that defeated the original complaint and otherwise fail to establish a viable cause of action.

1.      Plaintiff's claims against Judge Lafferty are barred by the doctrine of judicial immunity.  The acts of which Plaintiff complains—presiding over family court proceedings, determining the adequacy of jurisdiction and service, ordering statutory child welfare investigations, managing the filing and sealing of court records, and issuing child custody and visitation orders—are quintessential judicial functions performed in Judge Lafferty's official capacity as a judicial officer presiding over a family law docket. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("The factors relevant in determining whether an act is judicial relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.") (cleaned up).  A judge does not lose immunity simply because an action was allegedly taken "in error, was done maliciously, or was in excess of his authority." *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (cleaned up).  The claims against Judge Lafferty are therefore dismissed.

2.      Despite Plaintiff's attempt to plead around the *Rooker-Feldman* doctrine by characterizing her claims as challenges to the conduct of state and county officials rather than to state-court judgments (Dkt. No. 8 at 47 of 54), the substance of every cause of action in the FAC attacks the validity of the state court's procedures, decisions, or enforcement mechanisms.  Plaintiff's claims arise from the adjudication of child-support proceedings—including the vexatious litigant designation, sealing of court documents, visitation rulings, and related enforcement measures such as the income withholding orders—and Plaintiff seeks to enjoin enforcement of those rulings and orders.  Dkt. No. 8 at 45–46 of 54.  They are therefore barred by the *Rooker-Feldman* doctrine.[1]  *See Lacy-Curry v. Alameda Cnty. Soc. Servs. Agency*, 262 Fed. App'x. 9, 10 (9th Cir. 2007) (holding that the *Rooker-Feldman* doctrine precluded claims related to state court child dependency proceedings); *Ignacio v. Judges of U.S. Ct. of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal "because the complaint is nothing

---

[1] Because the allegations against the individual-capacity defendants relate only to their enforcement of income withholding orders, the *Rooker-Feldman* doctrine is dispositive of all claims against these defendants.  Dkt. No. 8 at 16–17 of 54.

3

more than another attack on the California superior court's determination in [the plaintiff's] domestic case").

3.     To the extent any allegations in the complaint could be construed as not challenging state-court rulings or their enforcement, they nonetheless fail to state a claim upon which relief may be granted.

Plaintiff fails to state a claim under § 1983 against Riverside County, DCSS, and its director, Nicole Windom-Hurd, in her official capacity.  Municipal liability under § 1983 requires a plaintiff to prove that she was deprived of a constitutional right by a municipal policy that amounted to deliberate indifference to the right and was the moving force behind the deprivation.  *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Plaintiff fails to identify any "deliberate policy, custom, or practice" by the County Defendants or explain how such a policy was the moving force behind any alleged constitutional violation.  *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (cleaned up).

Plaintiff also fails to state a claim for race or disability discrimination. Despite being advised in the prior dismissal order that such claims must be pleaded with greater specificity, she adds no new factual allegations.  She alleges only that she was denied equal access to "court processes and unbiased adjudication," deprived of the equal benefit "of disability protections," and not "provide[d] reasonable accommodations."  Dkt. No. 8 at 38 of 54.  These vague and conclusory allegations—made against all Defendants without distinguishing among them—are insufficient to state a claim under § 1981 or the ADA.  *See, e.g.*, *Hodges v. Holiday Inn Select*, No. 07-CV-0615, 2007 WL 1300454, at *3 (E.D. Cal. May 2, 2007) ("To state a cognizable claim under § 1981, the plaintiff must allege that he was subjected to intentional discrimination due to his race by, inter alia, setting forth overt acts or statements evidencing that racial animus underlay the plaintiff's § 1981 rights."); *Wheaton v. Martinez*, No. 2:24-CV-10056-MEMF, 2025 WL 2994552, at *3 (C.D. Cal. Aug. 14, 2025) (plaintiff failed to state a claim for ADA violations where he did not allege facts to show he was excluded from or denied a service or program on the basis of disability).

Plaintiff's other allegations about discrimination—that her PTSD and trauma history were used to justify supervised visitation, question her parenting fitness, and undermine her professional standing—also do not establish a viable ADA

4

claim.[2]  Family courts are statutorily obligated to consider the health, safety, and welfare of children in custody determinations.  Cal. Fam. Code § 3011(a) ("In making a determination of the best interest of the child … the court shall consider … the health, safety, and welfare of the child.").  Allegations that a court or agency evaluated Plaintiff's mental health and trauma history in making a best-interest determination do not plausibly show that she was excluded from a public service or subjected to discrimination solely because of a disability.  *See Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (explaining that the exclusion or discrimination must have been "solely by reason of disability") (cleaned up).

III.

The Court previously granted Plaintiff leave to amend to address deficiencies in her complaint, but the FAC confirms that, in substance, her claims are an effort to overturn the results of the state-court proceedings—relief barred by the *Rooker-Feldman* doctrine and by judicial immunity.  Plaintiff also failed to bolster any of the factual allegations identified as insufficient in the prior dismissal order.  Because further amendment would be futile, leave to amend is denied. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Accordingly, Plaintiff's complaint is dismissed with prejudice.  A final judgment will be entered separately.

Date: February 25, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] To the extent Plaintiff challenges the family court's supervised-visitation order, the claim constitutes a collateral attack on a state-court judgment barred by the *Rooker–Feldman* doctrine.

5